1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

9  RICKY BERDARE CLAYBURN,                    CV F   03 6421 AWI LJO P

10                    Plaintiff,

11      v.                                    FINDINGS AND RECOMMENDATIONS TO
                                              DISMISS ACTION (Doc.  1.)

12

13  A.K. SCRIBNER, et.  al.,

14                    Defendants.
   _____/

15

16        Ricky Berdare Clayburn ("Plaintiff") is a state prisoner proceeding pro se and in forma

17  pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983.

          Plaintiff filed the instant action on October 9, 2003, naming A.K. Scribner, Edward S.

18  Almeida, Chief Medical Officer Brandon, John Does 1-10, Jane Does 1-10 and many other

19  individuals as defendants.  Plaintiff frames his allegations as "terrorist threat made on my life."

20  **A.  SCREENING REQUIREMENT**

21        The court is required to screen complaints brought by prisoners seeking relief against a

22  governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The

23  court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally

24  "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek

25  monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).

26  "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall

27  dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a

28

1

1    claim upon which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

2           A complaint, or portion thereof, should only be dismissed for failure to state a claim upon

3    which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in

4    support of the claim or claims that would entitle him to relief.  See Hishon v. King & Spalding,

5    467 U.S. 69, 73 (1984), citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see also Palmer v.

6    Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).  In reviewing a

7    complaint under this standard, the court must accept as true the allegations of the complaint in

8    question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the

9    pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor.

10   Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

11   **B. EXHAUSTION**

12          Pursuant to the Prison Litigation Reform Act of 1995, "[n]o action shall be brought with

13   respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner

14   confined in any jail, prison, or other correctional facility until such administrative remedies as are

15   available are exhausted."  42 U.S.C. § 1997e(a).  The section 1997e(a) exhaustion requirement

16   applies to all prisoner suits relating to prison life.  Porter v. Nussle, 435 U.S. 516, 532 (2002).

17   Prisoners must complete the prison's administrative process, regardless of the relief sought by

18   the prisoner and regardless of the relief offered by the process, as long as the administrative

19   process can provide some sort of relief on the complaint stated.  Booth v. Churner, 532 U.S. 731,

20   741 (2001).

21          The California Department of Corrections has an administrative grievance system for

22   prisoner complaints.  Cal. Code Regs., tit. 15 § 3084, et seq.  "Any inmate or parolee under the

23   department's jurisdiction may appeal any departmental decision, action, condition, or policy

24   which they can reasonably demonstrate as having an adverse effect upon their welfare."  Id. at

25   3084.1(a).  Four levels of appeal are involved, including the informal level, first formal level,

26   second formal level, and third formal level, also known as the "Director's Level."  Cal. Code

27   Regs. tit 15, § 3084.5 (2004).

28          Section 1997e(a) does not impose a pleading requirement, but rather, is an affirmative

2

1  defense under which defendants have the burden of raising and proving the absence of

2  exhaustion.  Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003).   However, where the

3  Plaintiff concedes that he has not exhausted his administrative remedies is grounds for dismissal.

4  Wyatt v. Terhune, 315 F.3d 1108, 1120 (9th Cir. 2003) ("A prisoner's concession to

5  nonexhaustion is a valid grounds for dismissal . . . .").

6       In this case, Plaintiff concedes that he has not exhausted his administrative remedies with

7  respect to the allegations made in the complaint.  Plaintiff's justification for failing to exhaust is

8  that he did not have access to the law library.  Plaintiff provides no information as to how having

9  access to the law library would have allowed him to file an administrative grievance with respect

10 to the claims raised in this action.

11 **C. CLAIMS FOR RELIEF**

12      Plaintiff's allegations in the complaint are that numerous individuals made a "terrorist

13 threat on my life."  The entire complaint lists the names of individual Correctional Officers and

14 then the phrase "terrorist threat on my life."  Plaintiff provides no further facts surrounding these

15 allegations nor does he allege a violation of his federal constitutional rights.  Plaintiff requests

16 that the Court investigate these issues and "put these people on the stand so the truth will come

17 out."

18      The Civil Rights Act under which this action was filed provides:

19           Every person who, under color of [state law] . . . subjects, or causes
             to be subjected, any citizen of the United States . . . to the
20           deprivation of any rights, privileges, or immunities secured by the
             Constitution . . . shall be liable to the party injured in an action at
21           law, suit in equity, or other proper proceeding for redress.

22
23 42 U.S.C. § 1983.  In order to demonstrate a violation of federal law, Plaintiff must allege facts

   sufficient to give rise to a cognizable claim for relief.  As noted above, Plaintiff provides no facts
24
   other than certain individuals made a "terrorist threat on his life."  The circumstances
25
   surrounding these allegations are wholly absent and there is nothing in the Complaint to shed any
26
   light on the nature of the events giving rise to the filing of the Complaint.  Accordingly, the
27
   Court finds that the Complaint fails to state a cognizable claim for relief against any of the named
28

1 defendants.

2 **D. CONCLUSION AND RECOMMENDATION**

3       Based on the foregoing, the Court finds that Plaintiff has failed to state a claim for relief

4 under section 1983 and has not exhausted his administrative remedies. <u>Wyatt v. Terhune</u>, 315

5 F.3d 1108, 1120 (9th Cir. 2003) ("A prisoner's concession to nonexhaustion is a valid grounds

6 for dismissal ...").    As these deficiencies cannot be cured by amendment, leave to amend should

7 not be granted. 28 U.S.C. § 1915(e)(2)(B)(ii); <u>Noll v. Carlson</u>, 809 F. 2d 1446, 1448-49 (9th Cir.

8 1987).  Accordingly, the Court RECOMMENDS that this action be dismissed in its entirety

9 without prejudice.

10      It is HEREBY ORDERED that these Findings and Recommendations be submitted to the

11 United States District Court Judge assigned to the case pursuant to the provision of 28 U.S.C.

12 § 636 (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District

13 Court, Eastern District of California.  Within THIRTY (30) days after being served with a copy

14 of this Report and Recommendation, any party may file written objections with the Court and

15 serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate

16 Judge's Findings and Recommendations."  Replies to the Objections shall be served and filed

17 within TEN (10) <u>court</u> days (plus three (3) days if served by mail) after service of the Objections.

18 The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).

19      The parties are advised that failure to file objections within the specified time may waive

20 the right to appeal the Order of the District Court. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir.

21 1991).

22

23 IT IS SO ORDERED.

24 **Dated:    May 7, 2005**            **/s/ Lawrence J. O'Neill**
   b9ed48                          UNITED STATES MAGISTRATE JUDGE

25

26

27

28